## AUSTIN vs. WADDELL.

In an action of trespass to land, the defendant pleaded that he was overseer of a road, on which were bridges—to repair which, he had taken the timber from the plaintiff's land, it being *the nearest unimproved land to the bridges*, &c. Replication that it *was not* the *nearest unimproved* land, &c. Held, that replication denied both the alleged *location* and description of the land.

## APPEAL from Lafayette Circuit Court.

YOUNG, *for Appellant.*

LEONARD, *for Appellee, insists :*

1. The averment in the plea that the land on which the trespass was committed, was the nearest unimproved land to the bridges and causeways to be repaired, is a material averment, and contains two distinct propositions; first, that the land was unimproved; and, second, that it was not nearer to the bridges and causeways than any other unimproved land; and both propositions are equally material. Rev. Stat. of 1845, chap. 151, sec. 49.

2. The plaintiff was at liberty to traverse all the facts contained in the plea, but contented himself with traversing the averment in relation to the situation and condition of the land, by negativing the very words of the plea in this particular. If, by the averment, the defendant is bound to show not only that the land is nearer to the bridges, &c., than any other unimproved land, but also that the land itself is unimproved, surely a denial of the averment, in the negative of its very words, cannot be an admission of the truth of one of the two propositions that it contains. 1 Chitty's Pl., 7 Am. ed., 636, 643 and 644; Tucker vs. Ladd, 7 Cow. Rep., 450.

Napton, J., *delivered the opinion of the Court.*

This was an action of trespass brought by Waddell against Austin for entering his close and cutting and carrying away his timber. The defendant pleaded not guilty, and a special plea that he was the overseer of a public road, upon which there were bridges and causeways which it was his duty to repair, and that for this purpose he entered upon the plaintiff's close (it being *the nearest unimproved land* to said bridges and causeways) and took and carried away the timber, doing no unnecessary harm, &c. The plaintiff took issue upon the plea of not guilty, and replied to the special plea that the land entered upon was not " the nearest unimproved land."

Upon the trial, the plaintiff gave evidence to show that the trespass was committed upon improved land, and this testimony was objected to by the defendant on the ground that the pleadings admitted the land upon which the trespass was committed to be unimproved land. The court, however, held the testimony to be admissible under the issues, and a verdict was accordingly found for the plaintiff. The defendant took exceptions and brought the case here by appeal.

The only question is, whether the replication of the plaintiff put in issue both the situation and condition of the land, as asserted in the plea, or whether it is to be understood as applying only to the former, and impliedly admitting the condition of the land to be such as the defendant had affirmed it to be. The statute which regulates the duties of overseers of the road, authorizes the overseer to cut timber for the construction of such bridges and causeways as it becomes his duty to put up, upon the unimproved lands lying nearest to such bridges or causeways. When the defendant in his plea asserted that the land upon which the trespass was committed was the nearest unimproved land to the bridges and causeways he had to construct, he undoubtedly meant to affirm two distinct facts, although they were clothed in one general proposition.— These facts were, first, that the land upon which he committed the trespass was unimproved; and, second, that it was the nearest land in that condition to the bridges and causeways. If these two distinct allegations were not contained in the general proposition asserted by the plea, it was clearly defective, for both were essential to the defence. The plaintiff was then at liberty to deny either or both of these assertions.— His denial was couched in the same general terms in which the assertion was conveyed. It was a mere negation of the very language employed by the defendant to convey the affirmation of both facts. The affirma-

tive proposition is, that the land was the nearest unimproved land; the negative of this was, that it was not the nearest unimproved land. The first embraces an affirmation of two facts, and the second must therefore be a denial of the same. There is no more propriety in limiting the operation of the negative "not" to one or other of the propositions, than there would be in requiring a repetition of the conjunction "and," in order to make the plea an affirmation of both propositions.

Let us suppose, by way of illustration, that it is asserted that the Planter's House is the largest painted brick dwelling house in St. Louis, and that this assertion is traversed in the very words of the assertion. Here there is a succession of epithets, each of which is affirmed to be applicable to the subject matter to which they have been applied. It is asserted that the Planter's House in St. Louis is a dwelling house, and that it is constructed of brick, and that it is painted, and that it is the largest building of this description in the city. All of these assertions or propositions might be conveyed in the distinct and separate form in which they have just been placed, but they may be made in the same connected and general proposition we have at first supposed. This general proposition, we will suppose, is denied in the same general terms by which the assertion is conveyed. Each fact might be denied separately. It might be denied that the Planter's House was a dwelling house, or that it was a brick house, or that it was painted, or that it was the largest house of this description in St. Louis. But if the affirmative proposition can be conveyed in the general terms above specified, the negative proposition can be also conveyed by a negation of those terms. And if the negation be made in this way, how can such negation be limited to the first or any succeeding fact of the general proposition? There is no principle in the construction of our language which limits the applicaion of the particle of negation to the epithet immediately succeeding it. If there is, the same principle must limit the application of the affirmative to the proposition first following it.

To make the illustration plainer, let us omit the superlative degree in the epithets chosen, and let the assertion be merely that "the Planter's House in St. Louis is a large painted brick dwelling house." Here the assertions are the same as before in relation to the character and quality of the house and the materials out of which it is built, but there is no comparison made relative to its size. If this assertion be denied in the same general terms in which it is conveyed, how shall we limit the negation to any one of the characteristics which are attributed to this building? Shall we say that such a negation only denies the size of the building and admits all the other peculiarities which it is affirmed to pos-

sess? or shall we say that it is applicable to some of the other propositions, and not the one which avers the size of the building?

The defendant here in his plea asserts, that the land upon which the trespass was committed was the nearest unimproved land. When that proposition is denied by saying that it is "not the nearest unimproved land," why not apply the negative to the condition of the land as well as to its locality? Is the negative to be confined to the epithet immediately following it?

Suppose that the defendant, instead of asserting that the land upon which the trespass was committed was the nearest unimproved land, had asserted that was "unimproved land nearest to the bridges and causeways," would this alteration of the order of words have altered his meaning? I suppose not. Then, if the plaintiff had replied that it was "not unimproved land nearest to the bridges," what construction would have been put upon such negation? The negation is just as broad as the affirmation. If the one be good to assert two propositions, the other must be sufficient to deny them.

As this seems to be a question rather philological than legal, and the meaning of words depends upon usage, which has been pronounced the "*jus et norma loquendi*," I may be excused for illustrating my views by an additional example. Let us suppose that the plaintiff, instead of asserting in his replication that the land was "not the nearest unimproved land," had said, "I deny that the land trespassed on is the nearest unimproved land." This, it is true, would not be formal in a replication, but the question is not now about the *forms of pleading*, but the *meaning of words*. It must be admitted that the denial I have just put is precisely the same in substance as that which is used in the replication. And could there be any doubt about the meaning of such a denial? It is as broad as the assertion of the defendant, and if the defendant's plea contains an affirmation of two propositions, it must follow that such a replication as this would be a denial of both propositions.

I attach no importance to the argument that the plaintiff's replication, if understood to deny both propositions of the plea, would make an issue upon two negatives. If the replication was defective in this particular, it should have been demurred to. The question is not whether the replication is good, or whether the plea is good, but *what issue was in fact made?* My opinion is, that the issue was both upon the condition and location of the land, and that the plaintiff had a right to show that the land upon which the trespass was committed was not of such a character as the defendant had asserted it to be.

The other Judges concurring, the judgment is affirmed.